# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA
## -ALEXANDRIA DIVISION-

| | | |
|---|---|---|
| **Jane Doe,** | ) | |
| **Plaintiff-Petitioner,** | ) | |
| | ) | Case No. 1:20CV 14e5 |
| **v.** | ) | |
| **Arlington County Department of Human Services,** | ) | |
| **Defendants-Respondents.** | ) | **November 25, 2020** |
| | ) | |
| | ) | |
| | ) | |

FILED

NOV 2 5 20

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## COMPLAINT OF EMPLOYMENT DISCRIMINATION, VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT, AND VIOLATIONS OF THE CIVIL RIGHTS

COMES NOW Plaintiff, Jane Doe ("Plaintiff") pro se, bringing this action pursuant to Title VII od the Civil Rights Act of 1964, Americans With Disabilities Act, alleging as follows against Defendants, Arlington County Department of Human Services and its employees/agents.

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction of this Complaint pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 1983, The Americans with Disabilities Act 42 U.S.C. §12101 and/or The Rehabilitation Act, and Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e.

2. Plaintiff has filed a charge before the United States Equal Employment Opportunity Commission (EEOC) relating to this claim of employment discrimination, and Plaintiff received a right to sue notice on or about September 1, 2020.

## **Facts in Support of Claim**

3. Plaintiff alleges that Defendants' harassed Plaintiff creating a hostile work environment, violated her Americans with Disabilities Act ("ADA") accommodation and civil rights, failed to stop the harassment, and retaliated against Plaintiff because Plaintiff complained about the harassment and attempted to assert rights protected by laws, and constructively terminated Plaintiff's employment unlawfully, which is outlined as follows:

4. Plaintiff is an individual with a disability that interferes with her major life activities.

5. At all times relevant to this complaint, Plaintiff was employed with the Arlington County Department of Human Services, Behavioral Health Division ("Respondent" or "BHD").

6. BHD was aware of Plaintiff's disability when she began employment.

7. In March of 2019, Plaintiff's disability was in remission and she suffered no symptoms when a conversation with a coworker about an incoming new client made Plaintiff worry that she would suffer a relapse.

8. Plaintiff requested an accommodation from her supervisor, Ms. Guerrero, to be screened off from cases of a particular nature for the purpose of avoiding a relapse due to Plaintiff's disability.

9. Ms. Guerrero agreed to the accommodation and informed Plaintiff's coworkers that Plaintiff was to be screened off from all such cases, including intake on such cases.

10. Throughout the spring, Plaintiff's coworkers violated her accommodation multiple times, continuing to relaying details of the cases from which Plaintiff had been screened off despite the coworkers being warned not to do so multiple times.

11. Some instances of the harassment creating a hostile work environment include:

    a.  On March 15, 2019, days after Ms. Guerrero's initial instruction, one of Plaintiff's coworkers, Ms. English ("English") specifically directed a voicemail from a screened-off client to Plaintiff.

    b.  On April 19, 2019, after a team meeting, Plaintiff 's coworker and department supervisor Kelly Nieman ("Ms. Nieman") smirked at Plaintiff and began a pointed discussion about a screened-off client while Plaintiff was present in the room.

    c.  On May 13, 2019, Plaintiff's coworker, Shaye Farris ("Farris"), initiated a conversation with Plaintiff about a screened off client. Plaintiff told Farris that Farris knew Plaintiff was screened off from that client and clients involved in cases of that nature. The very next day, Farris again attempted to bring up that same client and sent Plaintiff an email about the screened-off client.

    d.  On May 24, 2019, Plaintiff's coworker, Miguel brought up a screened-off client in a meeting with Plaintiff and Ms. Guerrero present.

    e.  On June 17, 2019, Plaintiff 's coworker, Rexene Henderson ("Henderson"), sent Plaintiff an email about a screened off client.

    f.  Plaintiff's coworkers continued to bring up those particular cases that they knew Plaintiff was screed off of, laughed and talked loudly about said cases so that Plaintiff could hear them talking about those cases.

12. On each occasion, Plaintiff complained to her supervisors about her coworkers violating her accommodations.

    g.  Specifically, right after the March 15, 2019 incident, Plaintiff forwarded the

voicemail to her supervisors, reported the violation to her bureau chief, and filed a formal grievance and complaint with the counties office of Human Rights.

13. When Plaintiff sought help to stop the harassment through contacting upper management in BHD and filing grievances, Plaintiff was told that she must be delusional due to having a disability, that she needed a reality check, and her complaint was not taken seriously which allowed the harassment to continue.

14. On information and belief, BHD took no action to address Plaintiff's grievances or complaints.

15. By June of 2019, it was clear to Plaintiff that her coworkers' harassment would continue and her accommodations would not be respected.

16. Arlington Department of Human Service's and BHD failure to adequately respond to the violation of Plaintiff 's accommodations and her complaints about such violations only compounded that harassment and the harassment increased.

17. Plaintiff filed a another formal complaint with Arlington County's Department of Human Resources ("HR") on June 28, 2019.

18. The harassment became so frequent and overwhelming that Plaintiff struggled to effectively perform her work at BHD.

19. As a direct result of the harassment, Plaintiff began suffering debilitating symptoms, including suicidal ideation, that impacted her ability to function inside and outside of work, and thus Plaintiff applied for leave under the Family and Medical Leave Act in July 2019 and was originally granted FMLA leave from July 15, 2019 to July 28, 2019; that leave was later extended.

20. Plaintiff sought FMLA leave to manage her flare-up of her disability due to the harassment she experienced at BHD, but needed her leave extended to reduce her symptoms and for fear of continued harassment.

21. As a further direct and proximate result of such harassment, hostile work environment, disability discrimination, and violations of the Americans with Disabilities Act, Plaintiff has suffered lost wages, pain and suffering, emotional distress, medical bills, and continues to suffer from the harassment she suffered.

### Prayer for Relief

THEREFORE, plaintiff request this Court award her damages in the amount of $950,000 and other fees for:

      (a)   Lost wages, back pay, and compensation lost to her as a result of Defendants discrimination, and other compensatory damages;

      (b)   Punitive damages;

      (c)   The costs incurred in this action including attorney fees, expert fees and other fees incurred; and

      (d)   Injunctive relief to prevent Defendants for sharing Plaintiffs personal health information;

      (e)   Such other appropriate relief as the interest of justice may require.

### Demand for Jury Trial

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

### Certificate and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my

knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated this 25th day of November 2020
Respectfully submitted by

Jane Doe, Pro Se
PO BOX 494
Merrifield, VA 22116
(703) 291 - 1620

## Certificate of Service

I hereby certify that on 11/25/2020, a true and accurate copy of this foregoing along with a notice and request to waive service of summons was personally delivered and mailed to the following agents and counsel of the Defendants:

Mark Schwartz, County Manager
County Manager's Office
2100 Clarendon Blvd., Suite 318
Arlington, VA 22201
703-228-3120

Steve MacIsaac
Office of the County Attorney

2100 Clarendon Blvd., Suite 403
Arlington, VA 22201
703-228-7106

Jane Doe, Pro Se

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRIGINIA**
_Alexandria_ **DIVISION**

Jane Doe
_____
                    Plaintiff(s),

                v.

                                         Civil Action Number: _____

Arlington County Dept Human Services
_____
                    Defendant(s).

## LOCAL RULE 83.1(M) CERTIFICATION

**I declare under penalty of perjury that:**

**No attorney has prepared, or assisted in the preparation of** _Complaint of Employment Discrimination_
                                              **(Title of Document)**

Jane Doe
_____
Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: _11/25/2020_____ (Date)

                        **OR**

**The following attorney(s) prepared or assisted me in preparation of** _____.
                                              **(Title of Document)**

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of _Pro Se_ Party (Print or Type)

_____
Signature of _Pro Se_ Party

Executed on: _____ (Date)