IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JANE DOE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:20-cv-01463 (AJT/IDD) |
| ) | |
| ARLINGTON COUNTY DEPARTMENT ) | |
| OF HUMAN SERVICES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## ORDER

This matter is before the Court on Plaintiff Jane Doe's Motion to Proceed Pseudonymously [Dkt. No. 2]. This matter can be resolved without oral argument, as such argument would not aid the decisional process. For the following reasons, it is hereby

**ORDERED** that Plaintiff's Motion is **DENIED**.

### I. Background

On November 25, 2020, Plaintiff filed a Complaint alleging employment discrimination, violations of the American's with Disabilities Act, and violations of the Civil Rights Act of 1964 against the Arlington County Department of Human Services. Compl. at 1, Dkt. No. 1. Specifically, she alleges that since March 2019, her employer, the Arlington County Department of Human Services' Behavioral Health Division, failed to comply with accommodations necessary to prevent relapse of her disability, and allowed her coworkers to harass her. *Id*. ¶¶ 4-5. While Plaintiff's supervisor agreed to the accommodation, which was to screen off Plaintiff from cases "of a particular nature," coworkers violated her accommodation multiple times by relaying to Plaintiff details of cases from which Plaintiff was to have no involvement. *Id*. ¶ 10.

1

Plaintiff contacted upper management and filed grievances to stop the harassment she experienced from coworkers, but Defendant took no action. *Id.* ¶¶ 13-14. The frequent harassment was so overwhelming that Plaintiff suffered debilitating symptoms that impacted her ability to function in and outside of work. *Id.* ¶¶ 18-19. In July 2019, she sought and was granted leave under the Family and Medical Leave Act, which has been extended. *Id.* ¶19. Plaintiff seeks leave to proceed pseudonymously. Pl.'s Mot., Dkt. No. 2.

## II. Applicable Law

To determine whether a litigant may proceed pseudonymously, the Court must consider:

(1) whether the justification asserted by the requesting party to proceed anonymously is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;

(2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;

(3) the ages of the persons whose privacy interests are sought to be protected;

(4) whether the action is against a governmental or private party; and relatedly

(5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*See Jane Doe 1 v. Merten*, 219 F.R.D. 387, 391-392, 2004 U.S. Dist. LEXIS 133, *15 (E.D. Va. January 5, 2004) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993)).

## III. Discussion

Plaintiff seeks to proceed under pseudonym to preserve her privacy in a "sensitive and highly personal" matter. Pl. Mot. ¶4. To pursue her civil action, Plaintiff's private medical

information regarding her disabilities, mental health diagnosis and past childhood trauma would be disclosed to the public. *Id*. Plaintiff's desire to keep her medical history private does not warrant allowing her to proceed anonymously. The types of sensitive and highly personal information justifying a litigant's anonymity have typically involved such intimate personal matters as birth control, abortion, homosexuality, the welfare rights of illegitimate children or sexual abuse or assault. *See Jane Doe 1 v. Merten*, 219 F.R.D. 387, 392, 2004 U.S. Dist. LEXIS 133, *16-18 (E.D. Va. January 5, 2004); *A.D. v. Wyndham Hotels & Resorts*, No. 4:19cv120, 2020 U.S. Dist. LEXIS 163851, at *4-5 (E.D. Va. Mar. 20, 2020).

"Cases involving mental health issues routinely proceed without concealing the identity of the Plaintiff." *See Roe v. Cvs Caremark Corp*., Civil Action No. 4:13-cv-3481-RBH, 2014 U.S. Dist. LEXIS 193843, at *4-5 (D.S.C. Sep. 11, 2014)(collecting cases in which plaintiffs have acknowledged borderline personality disorder, severe depression, and post-traumatic stress disorder). Plaintiff has an interest in preserving the privacy of sensitive medical records, but the remedy for maintaining confidentiality would be to seek Court approval to seal such documents. *See Langley v. Director*, 2010 WL 2483876, at *2 (E.D. Va. May 28, 2010) (granting motion to seal mental health records related to . . . medical treatment); *Moore v. Wash. Hosp. Center*, 2012 WL 2915165, at *6-7 (D. Md. July 16, 2012) (granting motion to seal documents containing "sensitive health information" from medical employer regarding medical leave). Lastly, Courts have allowed plaintiffs to preserve their anonymity for childhood sexual abuse, but Plaintiff does not allege childhood trauma stemming from sexual abuse. *See Doe v. Fowler*, No. 3:17-cv-00730-FDW-DSC, 2018 U.S. Dist. LEXIS 118171, at *5-6 (W.D.N.C. July 16, 2018)(collecting cases that held childhood sexual abuse to be sensitive, highly personal and deeply traumatic if made public). Thus, Plaintiff does not meet the first prong of the *James* test.

Likewise, Plaintiff fails to allege enough facts that her identification as Plaintiff poses a risk of retaliatory physical or mental harm. Plaintiff alleges that making her disabilities, diagnosis and childhood trauma available to the public would open her to further harassment and discrimination by Defendants and potential future employers. Pl.'s Mot. ¶5. Plaintiff alleges that coworkers slashed her tires in retaliation of complaining to her supervisors about harassment. *Id*. What Plaintiff considers harassment—coworkers telling her about cases she was screened off from—does not meet the standard of the physical or psychological harm Courts have shielded litigants from with grants of anonymity. *See Wyndham*, 2020 U.S. Dist. LEXIS 163851, at *4-5 (Plaintiff who escaped from sex trafficker was in danger since trafficker had not been detained); *Doe v. The New Ritz, Inc*., No. WDQ-14-2367, 2015 U.S. Dist. LEXIS 91845, at *6 (D. Md. July 14, 2015) (anonymity warranted where defendants have a history of threats and physically and verbally abusing plaintiff). Plaintiff speculates that Defendant would use the court process and the health records in its possession from when she was the Defendant's patient prior to becoming its employee to harass her. Pl.'s Mot. ¶5. Since Defendant needs to know Plaintiff's identity to respond to the complaint, it's difficult to see how proceeding pseudonymously would stop such harassment.

Similarly, Plaintiff's speculation about discrimination by future employers and the attendant threat to her economic interests do not merit anonymity. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014)(noting that courts have consistently rejected anonymity requests to prevent speculative and unsubstantiated claims of harm to economic interests.); *Ashbourne v. Geithner*, Civil Action No. RWT-11-2818, 2012 U.S. Dist. LEXIS 96630, at *3 n.1 (D. Md. July 10, 2012) ("Fear of embarrassment or economic loss does not outweigh society's interest for open court proceedings").

4

As for the third prong, age is not a consideration since Plaintiff is not a minor. *See James*, 6 F. 3d at 238. The Defendant being a governmental entity, the fourth prong, weighs against anonymity. *See Co. Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) (the public has heightened interest in disclosure of plaintiff's identity when public officials and government bodies are sued).

Lastly, allowing the Plaintiff to proceed pseudonymously raises the risk of unfairness to the opposing party because the Defendant may have difficulty defending itself against allegations that are tied to Plaintiff's identity. *See Caremark* at *9-10 (holding that defendants would be prejudiced by an inability to "fully respond to the Complaint due to the uncertainty of Plaintiff's identity and unfamiliarity with the background giving rise to this suit"). A defendant is not prejudiced by pseudonymous proceedings when it knows the identity of the Plaintiff and can defend itself against the allegations. *See Wyndham*, 2020 U.S. Dist. LEXIS 163851, at 6; *Roe v. Doe*, 319 F. Supp. 3d 422, 430 (D.D.C. 2018)(no prejudice when purpose is to conceal plaintiff's identity only from the public);  *Doe v. Va. Polytechnic Inst. and State Univ.*, No. 7:18cv170, 2018 U.S. Dist. LEXIS 192931, at *12 (W.D. Va. Nov. 13, 2018) (finding that there was no risk of unfairness to defendants who were aware of plaintiff's true identity). Courts have also allowed the identity of plaintiffs in a class action suit to be withheld because the allegations applied to all members of the class rather than a specific person. *See The New Ritz, Inc*., 2015 U.S. Dist. LEXIS 91845, at *6 (D. Md. July 14, 2015).  Here, Plaintiff merely speculates that Defendant knows her identity because of her prior attempts to stop the workplace harassment. Pl.'s Mot. ¶7. Plaintiff's allegations are not likely to be examined as part of a broader investigation, and she has not indicated a willingness to provide her full name to the Defendant to use during discovery.

*See Wyndham*, 2020 U.S. Dist. LEXIS 163851, at *6. Thus, the risk of prejudice to the Defendant militates against anonymity.

### IV. Conclusion

For the reasons set forth above, the Court finds that the *James* factors weigh against allowing the Plaintiff to litigate this action under a pseudonym.

The Clerk is directed to forward copies of this Order to Plaintiff.

ENTERED this 15th day of December 2020.

                                                /s/ Ivan D. Davis
                                                Ivan D. Davis
                                                United States Magistrate Judge

Alexandria, Virginia